(No. 83-CC-2822-)

SILVIO GIOVANETTO, MARGARET GIOVANETTO and NELLIE KRUEGER, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed May 11, 1989.*

*Opinion filed May 30, 1990.*

LAMBRUSCHI, YOUNG & ASSOCIATES (KEITH L. YOUNG, of counsel), for Claimants.

NEIL F. HARTIGAN, Attorney General (DANIEL BRENNAN, Assistant Attorney General, of counsel), for Respondent.

## OPINION

RAUCCI, J.

This matter comes before the Court upon the joint stipulation of the parties hereto. This claim sounds in tort

and is brought pursuant to section 8(d) of the Court of Claims Act (Ill. Rev. Stat. 1981, ch. 37, par. 439.8(d)).

Claimant, Nellie Krueger, sustained bodily injuries when she fell through a railing at a concession stand maintained by the Department of Conservation at Matthiessen State Park in La Salle County, Illinois.

We note that the parties hereto have agreed to a settlement of this claim, and that Respondent agrees to the entry of an award in favor of Claimants in the amount of three thousand five hundred dollars ($3,500.00.)

Based on the foregoing, Claimant, Nellie Krueger, is hereby awarded the sum of three thousand five hundred dollars ($3,500.00) in full and final satisfaction of these claims.

## OPINION

RAUCCI, J.

On October 3, 1982, the Claimants Silvio and Margaret Giovanetto were with friends at the Matthiessen State Park. The Giovanettos, along with five other couples, were spending the day at the park, which has hiking trails and forest preserves. In the early afternoon, the group decided to take a break and get some refreshments at the concession stand. The Claimants and their friends had purchased their drinks and were leaning against a railing which fenced off a pedestrian area, and below which was the beginning of a ravine. The railing broke and the Claimants fell off the walkway and were injured. Claimants' exhibits include photographs of the area where the Claimants fell and were injured. Respondent has admitted its liability to the

Claimants. The only issue presented here is the amount of compensation to be awarded to the Claimants.

Silvio Giovanetto suffered a facial injury and a very small scar on his face as a result of his fall. He was treated and released from an emergency room on the date of the incident and there is no medical evidence to connect any other injuries with the fall on October 3, 1982. An award of $1,250 will be granted to him.

The injuries of Margaret Giovanetto, however, present a significantly different situation. Mrs. Giovanetto was 50 years old at the time of this incident and there is no evidence in the record to suggest that she was in anything but good health on the date of the accident. Through her testimony and that of her husband she established that she was very active up until the date of this incident. She worked at a physically demanding job, accompanied her husband on over-the-road trips on occasion and did numerous household chores. The injuries Mrs. Giovanetto suffered in the fall changed all of that. She was diagnosed at the hospital as having suffered displaced fractures of the transverse processes at L1, L2, L3, L4 and L8, and a displaced fracture at L2. The transverse process is a part of the spinal column which projects laterally from the spine and serves for muscle attachment. The fracture of these can cause loss of control of the muscle and, therefore, control of the spine. She was hospitalized for 10 days after the fall for the purpose of continual bedrest. The Claimant's ability to move and bend was significantly reduced as a result of these fractures. Subsequent to her hospitalization, Mrs. Giovanetto continued treatment with an orthopedic doctor for approximately three years who eventually recommended that she be evaluated by a pain clinic. In addition to the fractures which she suffered, the Claim-

ant also suffered the aggravation of a preexisting cervical condition which caused her a certain amount of pain and disability.

Mrs. Giovanetto did, in fact, return to work eventually but found that her ability to work had been greatly affected by the injuries she had suffered. She had been a school bus driver for some time prior to the accident and eventually quit driving the school bus primarily because of her injuries. For a period of three months after the accident she wore what is commonly referred to as a "jewet brace." This brace which she wore continually, except for periods of sleep, was replaced by a corset which she wore for another three months and subsequent to that as often as her pain dictated. She last wore the brace in 1984. Mrs. Giovanetto engaged in traction, heat treatments and therapy when her orthopedic doctor recommended such, bought a waterbed which was supposed to help relieve her pain, and significantly reduced all of her household activities as a result of her continuing back problems. In addition, she ended her trips with her husband because of the problems traveling over the road caused to her back. At the present time, Mrs. Giovanetto's primary physical activity is walking. She has not resumed her household activities. It was her husband's observation that her condition has not improved in any significant fashion since the period of time shortly after the accident. Mrs. Giovanetto was 50 years old at the time of the accident. It has been eight years since the incident and government statistics suggest that she will live approximately 20 years. The issue to be determined here is the compensation to be awarded to Mrs. Giovanetto for the period of eight years since the accident and a reasonable sum for the period of time which Mrs. Giovanetto will likely live with these injuries.

In evaluating the damages to be awarded, this Court must consider the following categories of damages: medical expenses, lost income, pain and suffering, and disability. Claimant has sufficiently demonstrated by the evidence that her life has been significantly changed for the worse as a result of the injuries she suffered, that the injuries were of such a nature as to cause her considerable amounts of pain and suffering, and that her lifestyle has been limited by these injuries. We find that she should be awarded $75,000.

It is ordered, adjudged and decreed:

1. Claimant Silvio Giovanetto be and he is hereby awarded $1,250 in full and complete satisfaction of his claim.

2. Claimant Margaret Giovanetto be and she is hereby awarded $75,000 in full and complete satisfaction of her claim.